UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                                             Criminal Case No. 18-20008

Zongli Chang, D-1,

                                                              Sean F. Cox
    Defendant.                             United States District Court Judge

_____/

## **OPINION AND ORDER MODIFYING CONDITIONS OF RELEASE**

This matter is before the Court on the Government's appeal of Magistrate Judge Elizabeth Stafford's release order. The parties appeared before the Court for a hearing on January 17, 2017. For the reasons below, the Court concludes that there is a combination of factors that can reasonably assure the safety of the community and Defendant's appearance in court. The Court shall require Defendant to post a $1,200,000 secured bond. In addition, the Court shall issue a new Order Setting Conditions of Release, retaining all of the other conditions imposed by Magistrate Judge Stafford.

## **BACKGROUND**

On January 4, 2018, a grand jury returned a 43-count indictment charging Defendant with 40 counts of unlawful distribution of controlled substances or conspiracy to do the same, 21 U.S.C. §§ 841(a)(1), 846, and three counts of health care fraud, 18 U.S.C. § 1347 (Doc. # 1). The indictment alleged that Defendant participated in a scheme involving the unlawful distribution of prescription drug substances, in which he would write prescriptions in exchange for cash payments. Following the indictment, Defendant was temporarily detained and a

detention hearing was set for January 12, 2018 before Magistrate Judge Stafford. Pretrial Services recommended that Defendant be released on a $10,000 unsecured bond with various conditions.

After the hearing, Magistrate Judge Stafford ordered that Defendant would be released on a $10,000 unsecured bond with conditions. Due to concerns over Defendant's risk of flight, these conditions included: home detention, travel restriction to the State of Michigan, and a requirement that Defendant surrender his passport and not obtain international travel documents. Magistrate Judge Stafford stayed her decision pending the Government's appeal. The Court has since extended that stay pending its review and decision in this matter (Doc. # 55, 56, 65).

## ANALYSIS

Under 18 U.S.C. § 3145(a)(1), the Government may seek review of a magistrate judge's release order. The Court reviews the appeal *de novo*. *United States v. Leon,* 766 F.2d 77, 80 (2d Cir. 1985).

There is a rebuttable presumption in favor of detention where there is probable cause to believe the defendant committed a controlled substance offense for which the maximum term of imprisonment is 10 years or more. 18 U.S.C. § 3142(e)(3)(A). The parties agree that this is such a case. *See United States v. Stone*, 608 F.3d 939, 946-47 (6th Cir. 2010) (holding a grand jury indictment satisfies the probable cause requirement). The § 3142(e) presumption imposes a burden of production on the defendant to show that he does not pose a danger to the community or a risk of flight. *Id*. at 945. The government retains the burden of persuasion "to prove that no conditions of release can assure that the defendant will appear and to assure the safety of the community." *Id*. at 946; *see also* 18 U.S.C. § 3142(e). To determine whether no condition or

2

combination of conditions exist that will reasonably assure Defendant's appearance, the Court shall consider the following factors from § 3142(g): (1) the nature and circumstances of the offenses charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person the community that would be posed by the person's release.

*Defendant's Burden of Production.* The Court first concludes that Defendant has satisfied his burden to produce some evidence to rebut the § 3142(e) presumption. For risk of flight, Defendant proffered that he has a stable residence where he lives with his wife and son and that his passport has been seized. For dangerousness, Defendant proffered that his medical license has been suspended and that he surrendered his Drug Enforcement Agency number, thereby preventing him from prescribing medication. This evidence satisfies Defendant's "relatively light" burden to rebut the § 3142(e) presumption. *See Stone*, 608 F.3d at 947. Thus, the Court must consider the § 3142(g) factors to determine whether the Government has met its burden of persuasion "to prove that no conditions of release can assure that the defendant will appear and to assure the safety of the community." *Id*. at 946.

*Nature and Circumstances of the Charge*. The charges against Defendant are serious and weigh in favor of detention. The indictment alleges that Defendant participated in a large-scale operation involving the illegal sale of more than $18 million worth of controlled substances. He is charged with 40 counts of controlled substances offenses, which is a specific consideration under § 3142(g)(1). Further, the applicability of the § 3142(e) presumption to the charged crimes reflects Congress' judgment that offenders charged with these controlled substances offenses should typically be detained prior to trial. *Stone*, 608 F.3d at 945.

*Nature and Seriousness of the Danger Posed by Defendant's Release*. Because Defendant's medical license has been revoked and because he surrendered his DEA number, he lacks the ability to continue the conduct alleged in the indictment. He also has no prior criminal history that would suggest future dangerousness. The Court also notes that the Government has focused on whether Defendant is a flight risk, not whether he is a danger to any person or society. Thus, this factor weighs in favor of release.

*Weight of the Evidence Against Defendant*. This factor "goes to the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt." *Stone*, 608 F.3d at 948. There is scant evidence of dangerousness; Defendant has no criminal history and no longer has the means to prescribe medication. But the evidence of potential flight is stronger; as explained below, the Government proffered evidence of Defendant's family ties and financial assets that suggests that there is a serious risk that Defendant will flee this jurisdiction. Thus, the Court concludes that this factor weighs slightly in favor of detention.

*Defendant's History and Characteristics*. Finally, the Court considers Defendant's history and characteristics, which play a significant role here. The Court acknowledges that Defendant has no criminal history, has a residence and close family ties in this jurisdiction, and that his passport has been seized. Nonetheless, the Court finds that the Government has established that Defendant's history and characteristics show that he has a motive, and the means, to flee the country.

For motive, Defendant faces significant prison time for the charges in the 43-count indictment. The Court recognizes that Defendant has presumably been aware of the Government's investigation since a search warrant was executed on his house in May 2017. But

Defendant's decision not to flee the jurisdiction in the meantime does not obviate the risk of flight; before the indictment any criminal penalties he faced were merely theoretical. Now Defendant faces tangible and substantial charges. And he has significant ties to another country–China–to which he could flee to avoid them. Defendant is a native of China and, although he has seldom returned, his entire family aside from his wife and son remain there.

For means, Defendant has extraordinary financial assets that could be used to flee this jurisdiction. The exact amount of his assets is unclear; Defendant declined to answer questions related to assets and the Government has thus far been unable to track down all of his accounts. But the Government proffered evidence that Defendant has moved substantial assets between his accounts and that he has access to those funds. Further, when Defendant's home was searched, the Government seized $600,000 in cash. Based on this evidence, it is reasonable to infer that Defendant has a substantial amount of assets that are available to him. Defendant could use these assets to flee this jurisdiction, even though his passport has been seized.

*Assuring Defendant's Appearance*. Having considered all of the circumstances and the factors set forth in § 3142(g), the Court concludes that there is a serious risk that Defendant will flee the jurisdiction if released. But the Court also concludes that there is a combination of conditions that can reasonably assure that Defendant will not flee. To assure Defendant's appearance, the Court shall require Defendant to post a $1,200,000 secured bond. The Court shall also retain all other conditions originally imposed by Magistrate Judge Stafford.

**CONCLUSION AND ORDER**

For the reasons above, the Court concludes that there is a combination of conditions that can reasonably assure both the safety of the community and Defendant's appearance. The Court

5

ORDERS that Defendant shall post a $1,200,000 secured bond before being released from custody. In addition, the Court shall issue a new Order Setting Conditions of Release, retaining all of the other conditions previously imposed by Magistrate Judge Stafford.

    IT IS SO ORDERED.

s/Sean F. Cox<br>
Sean F. Cox<br>
United States District Judge

Dated: January 18, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 18, 2018, by electronic and/or ordinary mail.

    s/Jennifer McCoy
    Case Manager