UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                        Criminal Case No. 18-20008

Zongli Chang,                          Honorable Sean F. Cox

    Defendant.

_____/

## OPINION & ORDER
## DISMISSING PETITION FILED BY DEFENDANT (ECF NO. 271)

The criminal Defendant in this case has been represented by counsel at all times. Defendant consented to a Stipulated Amended Preliminary Order of Forfeiture, wherein he agreed to a forfeiture money judgment in favor of the United States in the amount of $3 million, which constitutes proceeds obtained from the drug conspiracy he pleaded guilty to in his Rule 11 Plea Agreement. Defendant later filed a Notice of Appeal, appealing the Judgment in this case, which includes the forfeiture. Nevertheless, purporting to act *pro se*, Defendant filed a petition challenging the forfeiture and seeking to assert a third-party claim to the property subject to forfeiture, on his own behalf or on behalf of a corporate entity that he owns and controls. The United States ("the Government") asks this Court to dismiss that petition. For the reasons that follow, the Court shall DISMISS the petition because: 1) this Court lacks jurisdiction to consider Defendant's request to dismiss the forfeiture order; 2) this Court will not allow Defendant to proceed in a "hybrid manner" in this criminal case and any future filings must be made by his

counsel; and 3) to the extent that Defendant is seeking to assert a third-party claim to property subject to forfeiture, either on his own behalf or on behalf of a corporate entity he owns and controls, that effort also fails.

**BACKGROUND**

In this criminal action, Defendant Zongli Chang, M.D. ("Dr. Chang") and several other Defendants were charged with various offenses.

On November 20, 2018, pursuant to a Rule 11 Plea Agreement, Dr. Chang entered a guilty plea to Count One of the Indictment, which charged him with conspiracy to distribute and possess with intent to distribute controlled substances, in violation of 21 U.S.C. § 841, 846. (ECF No. 177 in 18-CR-20008). Dr. Chang also agreed to criminal forfeiture pursuant to 21 U.S.C. § 853.

On March 27, 2019, a "Stipulated Amended Preliminary Order of Forfeiture" was issued wherein the Government and Dr. Chang (acting through retained counsel) stipulated and agreed that, "[p]ursuant to 21 U.S.C. § 853 and Fed. R. Civ. P. 32.2(b)(2)(B) defendant agrees to a forfeiture money judgment in favor of the United States in the amount of $3 million, which constitutes proceeds obtained, directly or indirectly, as a result of the violation charged in Count One." (ECF No. 220). The parties further agreed that, "[p]ursuant to 21 U.S.C. § 853 and Fed. R. Crim. P. 32.2(b)(2)(B), defendant agrees to forfeit" the listed subject property, "which constitutes property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the violation charged in Count One." (*Id*. at PageID.964). This Court ordered that "a forfeiture money judgment in favor of the United States in the amount of $3 million, which constitutes proceeds obtained, directly or indirectly, as a result of the violation charged in Count

One, is granted and entered against defendant." (*Id*. at PageID.967). In that Stipulated Amended Preliminary Order of Forfeiture, this Court found "that there is a sufficient nexus between the Subject Property and the offense to which defendant pleaded guilty." (*Id*. at PageID 966).

On April 17, 2019, this Court accepted the Rule 11 Plea Agreement and sentenced Dr. Chang to a 135 months imprisonment. This Court also imposed a fine of $1,000,000, in addition to the forfeiture of $3,000,000 in cash and from multiple financial accounts. The Judgment incorporated the Stipulated Amended Preliminary Forfeiture Order that listed the cash and financial accounts.

On April 29, 2019, Chang's counsel filed a Notice of Appeal on his behalf, appealing the Judgment in this case. Chang's direct appeal is currently proceeding in the Sixth Circuit, where Chang is represented by counsel.[1]

On December 31, 2019, the Government filed a Declaration of Publication (ECF No. 270) stating that "[i]n accordance with 21 U.S.C. § 853(n)(1) and Rule 32.2(b)(6)(C) of the Federal Rules of Criminal Procedure, notice of the forfeiture was posted on an official government internet site (www.forfeiture.gov) for at least 30 consecutive days, beginning on October 31, 2010, and ending on November 20, 2019, as evidenced" by Attachment 1.

On January 2, 2020, and purporting to act *pro se*, Dr. Chang filed a document in this criminal case seeking to dismiss the Stipulated Amended Preliminary Order of Forfeiture in this case. (ECF No. 271). In that same petition, signed by Dr. Chang as President of Metro Home

---

[1] In his appeal, Chang argues that it was an abuse of discretion for the Court to impose a fine of one million dollars on top of the three million dollar forfeiture. His appellate brief asks the Sixth Circuit to vacate both the fine and the forfeiture. (ECF No. 17 in Appellate Case No. 19-1478).

3

Visiting Physicians PLLC, Dr. Chang also appears to attempt to bring a third-party petition to claim property that is subject to forfeiture, on behalf of that entity and/or himself.

The Government asks the Court to dismiss or strike Dr. Chang's *pro se* filing for several reasons, including: 1) the Court should strike the petition because Dr. Chang may not proceed in a hybrid manner in this criminal action; 2) the Stipulated Amended Preliminary Order of Forfeiture became final as to Dr. Chang at the time of his sentencing on April 17, 2019, and Dr. Chang has not identified any valid basis for the Court to revisit it.

## ANALYSIS

### I.     Overview Of Criminal Forfeiture Procedure

Under § 853(a), a defendant "shall forfeit . . . any property constituting, or derived from, any proceeds" of certain crimes. Once the district court determines all of the property that is subject to forfeiture, "it must promptly enter a preliminary order of forfeiture" to that effect. *United States v. Fabian*, 764 F.3d 636, 637 (6th Cir. 2014) (citing Fed. R. Crim. P. 32.2(b)(2)(A)).

But to obtain title to property through criminal forfeiture, the government must also give third parties the opportunity to assert competing interests in the property. *United States v. Gallion*, 534 F. App'x 303, 307 (6th Cir. 2013) (citing *United States v. Erpenbeck*, 682 F.3d 472, 475 (6th Cir. 2012)). "To do so, 21 U.S.C. § 853 and Federal Rule of Criminal Procedure 32.2 prescribe a two-track criminal-forfeiture procedure." *Gallion, supra.*

"As soon as possible after a verdict or a guilty plea, a district court must enter a 'preliminary order of forfeiture,' which sets forth the amount of any money forfeiture and lists any specific property to be forfeited. Fed. R. Crim. P. 32.2(b)." *Id*. "That preliminary order

becomes final as to the defendant "[a]t sentencing – or at any time before sentencing if the defendant consents." *Id.* (citing Fed. R. Crim. P. 32.2(b)(4)(A)); *see also United States v. Carman*, 933 F.3d 614, 616 (6th Cir. 2019). As a result, a criminal defendant wishing to appeal a forfeiture must appeal the preliminary forfeiture order as entered in the judgment. *Gallion*, 534 F. App'x at 310.

"The preliminary order is entered 'without regard to any third party's interest in the property,' Fed. R. Crim. P. 32.2(b)(2)(A), and the district court considers whether third parties may have superior interest in the property using separate 'ancillary proceedings." *Gallion,* 534 F. App'x at 308. That procedure is as set forth below:

> After the preliminary order is entered, § 853(n) requires the government to provide notice of the proceedings to third parties, giving them thirty days to file a petition asserting their claims. 21 U.S.C. § 853(n)(1)-(2); 18 U.S.C. § 1963(l)(2). "If anyone files a petition, the court must hold an ancillary hearing to determine the bona fides of his alleged interest." *Erpenbeck,* 682 F.3d at 475 (citing § 853(n)(2)). "If no one files a petition within the statutory time frame, 'clear title' vests in the United States, extinguishing all other parties' interests in the property." *Id*. (quoting 21 U.S.C. § 853(n)(7).
>
> If a third party does file a petition for an ancillary proceeding, the court may dismiss the petition for lack of standing or for failure to state claim; may allow discovery; and may consider motions for summary judgment. Fed. R. Crim. P. 32.2(c). After the ancillary proceedings end, the court enters a final order of forfeiture ("Final Order") that accounts for any third-party rights. Fed. R. Crim. P. 32.2(c)(2).

*Id.*

With that backdrop in mind, the Court considers the Government's request to dismiss Dr. Chang's petition.

## II. This Court Lacks Jurisdiction To Consider Dr. Chang's Request To Dismiss The Stipulated Preliminary Order Of Forfeiture.

Dr. Chang's filing asks this Court to dismiss the Stipulated Amended Preliminary Order of Forfeiture in this case. In doing so, Dr. Chang makes several arguments, including that his guilty plea was unknowing, that the fine imposed by this Court was impermissibly excessive, that the Government breached the plea agreement, and that certain property is not subject to forfeiture.

Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, "[a]t sentencing – or at any time before sentencing if the defendant consents – the preliminary forfeiture order becomes final as to the defendant." Fed. R. Crim. P. 32.2(b)(4); *see also Gallion*, 534 F. App'x at 307; *Carman*, 933 F.3d at 616. In this criminal case, Dr. Chang consented to the Stipulated Amended Preliminary Order of Forfeiture on March 27, 2019 and he was then sentenced by this Court on April 17, 2019. Thus, as to Dr. Chang, the Amended Preliminary Order of Forfeiture is final.

As a result, Dr. Chang's only potential means of challenging the forfeiture is to appeal the forfeiture as entered in the Judgment. *Gallion,* 534 F. App'x at 310. And notably, acting through counsel, Dr. Chang filed a Notice of Appeal and is currently pursuing an appeal of the Judgment in the United States Court of Appeals for the Sixth Circuit.

The filing of that Notice of Appeal "'confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.'" *Carman*, 933 F.3d at 617 (citation omitted). While the district court does retain "limited jurisdiction to take actions in aid of the appeal," that class of actions is "narrowly defined" and "does not include 'actions that *alter* the case on appeal.'" *Id.* (citation omitted).

Dr. Chang's Notice of Appeal states that he is appealing this Court's Judgment in his

6

criminal case. (ECF No. 239). That judgment includes both his conviction and sentence. "A forfeiture order is 'part of the [defendant's] sentence in the criminal case[.]' 28 U.S.C. § 2461(c); *see also* Fed. R. Crim. P. 32.2(b)(4)(B); *Libretti v. United States*, 516 U.S. 29, 38-39, 116 S.Ct. 356, 133 L.Ed.2d 271 (1995)." *Carman,* 933 F.3d at 617. Upon the filing of his Notice of Appeal, therefore, "adjudicatory authority over" those aspects of Dr. Chang's case (ie., his conviction and sentence) passed to the Sixth Circuit. *Carman, supra*, at 617.

Accordingly, because this Court lacks jurisdiction to alter the Judgment, this Court lacks jurisdiction to consider Dr. Chang's petition asking this Court to dismiss or alter the Stipulated Amended Preliminary Order of Forfeiture.

### III. In Addition, This Court Will Not Allow Dr. Chang To Proceed In This Criminal Action In A Hybrid Manner.

In addition, as Dr. Chang is represented by counsel in this criminal action and on appeal, Dr. Chang is attempting to proceed in a "hybrid" fashion, both through his counsel and *pro se* by way of his own filings. *See McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984). Although the Sixth Amendment guarantees defendants the right to conduct their own defense and even represent themselves, *see Farretta v. California*, the right of self-representation does not include the right to proceed in a hybrid manner. *McKaskle*, 465 U.S. at 183; *see also United States v. Mosely*, 810 F.2d 93, 97-98 (6th Cir. 1987).

This Court will not allow Dr. Chang to proceed in a hybrid manner in this action. Should Dr. Chang wish to seek any relief from this Court that comes within the narrow class of actions that are jurisdictionally permissible as actions "in aid of the appeal," Dr. Chang must seek that relief through his counsel. *Carman*, 933 F.3d at 617.

### IV. To The Extent That Dr. Chang Is Purporting To File A Third-Party Petition On

**Behalf Of Himself, Or On Behalf Of Metro Home Visiting Physicians, The Court Dismisses That Petition.**

The Court notes that Dr. Chang's filing was signed by him as President of Metro Home Visiting Physicians PLLC. The body of the petition indicates that Dr. Chang may be attempting to file a third-party petition claiming an interest in the subject property on behalf of that corporate entity or on his own behalf. Those attempts fail, and require dismissal of the petition, for at least three reasons.

First, it is well established that a corporate entity cannot appear in federal court except through an attorney. *See Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993) (Corporations, partnerships, or associations can appear in federal court only through a licensed attorney); *Ginger v. Cohn*, 426 F.2d 1385, 1386 (6th Cir. 1970) (Explaining that an officer of a corporation, who is not a licensed attorney, is not authorized to make an appearance in federal court on behalf of the corporation). Dr. Chang is not an attorney and therefore he cannot pursue an ancillary proceeding on behalf of Metro Home Visiting Physicians PLLC in federal court.

Second, the statute requires that a petition asserting a legal interest in forfeited property be signed under the penalty of perjury. 21 U.S.C. § 853(n)(3). Because of the substantial danger of false claims in forfeiture proceedings, federal courts require strict compliance with this requirement." *United Stated v. Lamid*, 663 F. App'x 319, 323 (5th Cir. 2016). Dr. Chang's petition was not signed under the penalty of perjury. That deficiency alone warrants dismissal of a forfeiture petition without a hearing. *Id.; see also United States v. Burge*, 829 F. Supp.2d 664, 667 (C.D. Ill. 2011); *United States v. Walker*, 2018 WL 2323464 (D. Idaho 2018) (collecting cases).

Third, Dr. Chang may not challenge the forfeiture order against him, on his own behalf or on behalf of a business he owns and controls, through the ancillary procedures established in 21 U.S.C. § 853. *See United States v. Christunas*, 126 F.3d 765, 768 (6th Cir. 1997); *United States v. BCCI Holdings (Luxembourg) S.A.*, 48 F.3d 551, 553-55 (D.C. Cir. 1995); *United States v. Pelullo*, 178 F.3d 196, 202 (3d Cir. 1999); 18 U.S.C. § 1963(l)(2) ("Any person, *other than the defendant*, asserting a legal interest in property which has been ordered forfeited to the United States . . . may . . . petition the court for a hearing to adjudicate the validity of his alleged interest in the property.") (emphasis added).

## CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that the petition filed by Dr. Chang (ECF No. 271) is hereby DISMISSED.

IT IS SO ORDERED.

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: March 10, 2020