UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States,

    Plaintiff,

v.                                               Criminal Case No. 18-20008

Zongli Chang, M.D.,              Honorable Sean F. Cox

    Defendant.

_____/

## MEMORANDUM OPINION REGARDING GOVERNMENT'S MOTION TO AMEND STIPULATED AMENDED PRELIMINARY ORDER OF FORFEITURE TO INCLUDE CERTAIN SUBSTITUTE PROPERTY OF DEFENDANT CHANG

On April 15, 2020, the Government filed a Motion to Amend Stipulated Amended Preliminary Order of Forfeiture to Include Certain Substitute Property of Defendant Zongli Chang. (ECF No. 279).

Chang, who is represented by appointed counsel for purposes of this motion, filed a response to the motion on July 15, 2020. (ECF No. 291). In it, "Dr. Chang, through counsel, agrees that the Stipulated Amended Preliminary Order of Forfeiture contains a provision for substitute assets, and the substitute assets are accurately identified in the government's motion." (*Id.* at 1). Defendant Chang further "agrees that the calculations contained in the government's motion are accurate." (*Id.*).

Defendant Chang notes, however, that he filed an appeal of right to the United States of Court of Appeals for the Sixth Circuit (Case No. 19-1478). In that appeal, Chang challenges the

1

judgment of this Court in this Criminal Case. Chang believes it is "premature" for this Court to rule on this motion until after the Sixth Circuit has issued a final order disposing of his appeal.

In its reply brief, the Government notes that Chang's request for the Court to take the Government's motion under advisement until the Sixth Circuit issues a final order disposing of his appeal in this case is "effectively a request to stay forfeiture pending appeal." (ECF No. 293 at 1). The Government asserts that this Court should not stay forfeiture pending appeal. Among other things, the Government argues that "[b]ecause (1) Chang has not demonstrated a likelihood of success on appeal and (2) the forfeited property is money (therefore if Chang's appeal is successful, the Government can simply write him a check), his request to stay forfeiture pending appeal should be denied." (*Id.* at 3). The Court agrees.

Defendant Chang does not have a likelihood of success on appeal. Notably, the Sixth Circuit has granted the Government's motion to dismiss Chang's appeal in an order issued on April 23, 2020. The Sixth Circuit further denied Chang's request to have counsel appointed for him for purposes of filing a petition for rehearing en banc. While the Sixth Circuit has extended the time for Chang to file a *pro se* petition for rehearing en banc, it is highly unlikely that such a motion would be granted. Thus, Chang does not have a likelihood of success on appeal and this Court concludes that a stay is not warranted.

Given that Chang agrees that "the substitute assets are accurately identified in the government's motion" and "that the calculations contained in the government's motion are accurate," and the Court having denied Chang's request for a stay, the Court shall grant the Government's motion and issue the requested order.

IT IS SO ORDERED.

                                                s/Sean F. Cox
                                                Sean F. Cox
                                                United States District Judge

Dated: August 10, 2020