**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

United States of America,

    Plaintiff,

v.                                  Criminal Case No. 18-20008

Zongli Chang,                    Sean F. Cox
                                            United States District Court Judge

    Defendant.
_____/

**OPINION & ORDER**
**DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

In this criminal action, Defendant Zongli Chang ("Defendant") was convicted of Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances and was sentenced to 135 months' imprisonment. Defendant has served a little more than one year of that sentence. The matter is before the Court on Defendant's Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A), which is based upon concerns about the ongoing novel coronavirus pandemic ("COVID-19"). This motion asks the Court to allow Defendant to serve the remainder of his sentence at home because he is concerned that he could contract the virus, and that he may be vulnerable to severe illness if he were to contract it because of his medical conditions. The Court held a hearing on this motion on September 25, 2020. As explained below, the Court shall DENY the motion because Defendant has not shown that his release would be consistent with applicable policy statements issued by the Sentencing Commission, or that the 18 U.S.C. § 3553(a) sentencing factors favor his release.

**BACKGROUND**

In this criminal case, Defendant pleaded guilty to Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances, in violation of 21 U.S.C. §§ 841 and 846. This Court sentenced Defendant to a term of 135 months' imprisonment.

Defendant began serving his sentence on June 21, 2019. Thus, Defendant has served only a little more than a year of his sentence. Defendant is currently housed at FCI Elkton.

Defendant is fifty-four years old and claims to have several medical conditions, such as hypertension, kidney disease, and possibly an auto-immune disorder.

Defendant filed his Motion for Compassionate Release on May 1, 2020. The Government acknowledges that Defendant exhausted his administrative remedies but opposes the motion on the merits.

**ANALYSIS**

Defendant's Motion for Compassionate Release is brought under 18 U.S.C. §3582(c)(1)(A) and asks this Court to allow him to serve the remainder of his sentence in home confinement.

Under 18 U.S.C. § 3582(c)(1)(A), the Court may reduce an imposed sentence if it determines that "extraordinary and compelling reasons warrant such a reduction." On top of making this finding, the Court must also consider the sentencing factors described in 18 U.S.C. § 3553(a) and decide if a sentence reduction would be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

U.S. Sentencing Guidelines Manual § 1B1.13 (U.S. Sentencing Comm'n 2018) is the "applicable policy statement" with which the Court must comply when considering Defendant's request for compassionate release. 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 explains that a

defendant must "not [be] a danger to the safety of any other person or to the community" under 18 U.S.C. § 3142(g) **and** must fit within at least one of four categories of "extraordinary and compelling reasons."  Those categories are: "Medical Condition of the Defendant," "Age of the Defendant," "Family Circumstances," and "Other Reasons."

In sum, a defendant seeking compassionate release must present extraordinary and compelling circumstances, must have § 3553(a)'s sentencing factors weigh in his favor, must not be a threat to others as determined by § 3142(g), and must fit within one of the four categories in § 1B.13 of the Sentencing Guidelines." *United States v. Shah*, 2020 WL 1934930 at *1 (E.D. Mich. April 22, 2020) (citations omitted).  *United States v. Murphy*, 2020 WL 2507619 at *3-4 (E.D. Mich. May 15, 2020).

Here, Defendant is fifty-four years old and claims to have several medical conditions, such as hypertension, kidney disease, and possibly an auto-immune disorder.

Even if Defendant satisfied the first eligibility threshold for compassionate release during this pandemic, the Government persuasively argues that Defendant is ineligible for compassionate release because he is a danger to the community.  Section 1B1.13(2) permits release only if a "defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."  The record does not support such a finding in this case, where Defendant engaged in a large-scale operation that illegally distributed dangerous opioid pills.

The § 3553(a) factors, including Defendant's history and characteristics, seriousness of the offense, promoting respect for the law, and providing just punishment also weigh against Defendant's request for compassionate release.  Defendant's criminal conduct was serious, as he

3

played a key role in a large-scale operation that illegally distributed dangerous controlled substances.  And allowing Defendant to be released after serving a small fraction of his sentence would not promote respect for the law or proper deterrence, provide just punishment, and avoid unwanted sentencing disparities.  This Court concludes that Defendant is not an appropriate candidate for the extraordinary remedy of compassionate release.

## CONCLUSION & ORDER

For the reasons set forth above, **IT IS ORDERED** that Defendant's Motion for Compassionate Release is **DENIED.**

**IT IS SO ORDERED.**

                                                 s/Sean F. Cox
                                                 Sean F. Cox
                                                 United States District Judge

Dated:  October 5, 2020