UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff/Respondent,

v.

Zongli Chang,

    Defendant/Petitioner.
_____/

Criminal Case No. 18-20008
Related Civil Case No. 22-10496

Sean F. Cox
United States District Court Judge

**ORDER STRIKING NON-COMPLIANT § 2255 BRIEF
AND ADDRESSING THE GOVERNMENT'S MOTION FOR WAIVER OF
ATTORNEY-CLIENT PRIVILEGE**

In Criminal Case Number 18-20008, Defendant/Petitioner Zongli Chang ("Chang") pleaded guilty to one count of conspiracy to possess within intent to distribute controlled substances, in violation of 21 U.S.C. § 841(a)(1). This Court sentenced Chang to be imprisoned for a total term of 135 months and imposed a fine of $1,000,000.00. The Judgment also included forfeiture provisions. Chang is currently serving his prison sentence.

Chang filed a direct appeal, challenging his sentence and the fine imposed by this Court. On April 23, 2020, the United States Court of Appeals for the Sixth Circuit dismissed the appeal, based upon the appeal waiver in Chang's Rule 11 Plea Agreement. *United States v. Chang*, 2020 WL 8674183 (6th Cir. Apr. 23, 2020).

On February 28, 2022, acting *pro se*, Chang filed a motion seeking to vacate his sentence, pursuant to 28 U.S.C. § 2255. Along with his form § 2255 Motion, Chang a supporting brief that spans more than 32 pages, with 12-point font, and those pages are singled-spaced. (*See* ECF No.

345 at PageID.2435-2466). All or most of the grounds for relief that are included in Chang's brief appear to be ineffective-assistance-of-counsel claims.

As such, the Government filed a "Motion To Have The Court Waive The Attorney-Client Privilege And Motion For Extension Of Time." (ECF No. 349).

Chang opposes the Government's motion. (ECF No. 355). Chang "does not dispute that a claim of ineffective assistance of counsel ('IAC') may result in a narrow waiver of the attorney-client privilege to the extent necessary to litigate a petitioner's IAC claims." (*Id*. at 1). Chang nevertheless opposes the motion because he asserts that: 1) the Government's request is too broad; and 2) "an interview is not a discovery tool" that can be authorized here. (*Id*.). Chang contends that although he asserts ineffective-assistance-of-counsel claims, "he did not impliedly waive the entire attorney-client privilege" because Chang believes that his allegations can be established "in records before the Court" as to some of his grounds for relief. (*Id*. at 2).

**As a threshold matter, the Court finds that Chang's brief filed in support of his § 2255 Motion should be stricken for failure to comply with the governing rules.**

Motions to vacate under § 2255 are civil proceedings to which local rules governing page limitations of apply. *Martinez v. United States*, 865 F.3d 842, 844 (6th Cir. 2017). Thus, "a district court may deny a motion to vacate on the ground that the petitioner's brief violates its local rule on the maximum length of briefs." *Hansberry v. United States*, 2022 WL 1010281 at *2 (6th Cir. 2022) (citing *Martinez, supra*).

Local Rule 7.1 of the Local Rules of the United States District Court for the Eastern District of Michigan governs the length of briefs that may be filed in support of a motion and provides that the "text of a brief supporting a motion or response, including footnotes and

signatures, may not exceed 25 pages." L.R. 7.1(d)(3). And the Local Rules further provide that the briefs shall be *doubled-spaced* and with no smaller than 14 point font:

> (2) Format. All papers must be on 8½ x 11 inch white paper of good quality, plainly typewritten, printed, or prepared by a clearly legible duplication process, and double-spaced, except for quoted material and footnotes. Margins must be at least one inch on the top, sides, and bottom. Each page must be numbered consecutively. . .
>
> (3) Type Size. Except for standard preprinted forms that are in general use, type size of all text and footnotes must be no smaller than 10-½ characters per inch (non-proportional) or 14 point (proportional).

L.R. 5.1(a)(2).

Here, however, in direct violation of those local rules, Chang filed a supporting brief that spans 32 pages, with 12-point font, and is *singled spaced*. Thus, Chang's over-size brief would equate to well over 64 pages if the brief were singled-spaced and in 14-point font.

Rather than deny Chang's § 2255 Motion, this Court is notifying Chang of this violation and giving him one opportunity to cure this violation.[1]

And in light of the Government's motion, and Chang's response to it, the Court shall give the parties direction as to the issue of waiver of the attorney-client privilege.

By claiming ineffective assistance of counsel and otherwise raising issues regarding his attorney's performance, a defendant implicitly waives the attorney-client privilege to the extent that any privileged communications bear on his attorney's performance. *See, In re Lott*, 424 F.3d 446, 452-54 (6th Cir. 2005); *see also Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003) ("It has long been the rule in the federal courts that, where a habeas petitioner raises a

---

[1] Chang is further cautioned that any other briefs filed by him may be stricken by this Court if they do not comply with the applicable local rules.

claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer.")

"The extent of that waiver is limited, however, and should not be construed to permit disclosure of more information than necessary to litigate the ineffective assistance claims." *United States v. Ball*, 2017 WL 3264021 at *2 (E.D. Mich. 2017) (citing *Lott, supra*); *see also United States v. Pinson*, 584 F.3d 972, 978 (10th Cir. 2009) ("[W]hen a habeas petitioner claims ineffective assistance of counsel, he impliedly waives attorney-client privilege with respect to communications with his attorney necessary to prove or disprove his claim[s].").

Thus, district courts routinely issue orders finding a limited, implied waiver of the attorney-client privilege when a petitioner asserts ineffective-assistance-of-counsel claims in a § 2255 Motion. *United States v. Clark*, 2013 WL 74616 at *1 (W.D. Mich. 2013) (citations omitted).

This Court concludes that a limited waiver of attorney-client privilege will be necessary for the Government to defend any ineffective-assistance-of-counsel claims raised by Chang, should he file a compliant brief.

In light of this, Chang has a choice. If Chang wishes to maintain his attorney-client privilege with respect to any specific ineffective-assistance-of-counsel claims, he should file a compliant brief that does not include those claims. That is because, as to any ineffective-assistance-of-counsel claims asserted by Chang in a newly-filed, compliant brief, this Court will issue an order finding the attorney-client privilege implied waived as to those claims. As to those claims, this Court will issue an order allowing the Government to interview Chang's former attorneys, limited to the extent reasonably necessary to address the specific ineffective-

4

assistance-of-counsel claims asserted by Chang. The Court will further order that any information disclosed during such an interview may only be used for purposes of Chang's § 2255 Motion, and any appeal of same.

Accordingly, this Court **ORDERS** this Court shall not consider the over-sized brief Chang filed in support of his § 2255 Motion (ECF No. 345 at PageID.2435-2466) and that brief shall be deemed **STRICKEN FROM THE RECORD**.

Rather than deny Chang's § 2255 Motion, this Court will allow Chang *one opportunity* to file a compliant brief. The Court **ORDERS** that, no later than **August 15, 2022,** Chang may file a brief in support of his § 2255 Motion that fully complies with Local Rules 5.1 and 7.1. Chang is cautioned that, if he fails to file a timely and complaint brief, this Court will deny his § 2255 Motion.

**IT IS FURTHER ORDERED** that, if Chang submits a timely brief that complies with the applicable local rules, then this Court will issue an appropriate order finding an implicit waiver the attorney-client privilege and providing dates for the filing of the Government's response[2] to Chang's motion and Chang's reply brief.

**IT IS SO ORDERED.**

                                              s/Sean F. Cox
                                              Sean F. Cox
                                              United States District Judge

Dated: June 16, 2022

---

[2] The response and reply due dates set forth in this Court's April 19, 2022 Order (ECF No. 353), therefore, no longer apply.