UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.

ZONGLI CHANG,

    Defendant/Petitioner.
_____/

Criminal Case No. 18-20008
Related Civil Case No. 22-10496

Sean F. Cox
United States District Court Judge

**OPINION & ORDER**
**ON PENDING MOTIONS (ECF NOS. 379 & 380)**

In Criminal Case Number 18-20008, Defendant/Petitioner Zongli Chang, M.D., ("Chang") pleaded guilty to one count of conspiracy to possess within intent to distribute controlled substances, in violation of 21 U.S.C. § 841(a)(1). This Court sentenced Chang to a term of 135 months of imprisonment and Chang is currently serving his prison sentence.

On February 28, 2022, Chang filed a *pro se* motion seeking to vacate his sentence, pursuant to 28 U.S.C. § 2255. This Court struck the over-sized brief that Chang filed in support of his motion but gave him the opportunity to file a compliant brief. Chang then asserted that he needed an extension of time to do so, because he was in the process of being transferred to another facility. This Court granted his request, and in an Order issued on August 17, 2022, ruled that "once Chang's transfer is completed, he shall file a one-page submission advising the Court that the transfer has been completed, and provide the Court with his new address." When more than four months passed without Chang doing so, or notifying the Court of any address change, this Court issued an Order on October 25, 2022. That order required Chang to update

the Court on the status of his transfer and provide the Court with his current address – and expressly cautioned that failure to do would result in his § 2255 motion being dismissed. Chang did not comply with that order and, after the Court received mail sent to Chang returned as undeliverable, dismissed his § 2255 motion on December 9, 2022.

Thereafter, Chang filed two motions, that are addressed in this Opinion and Order. For the reasons that follow, the Court denies Chang's request that this Court recuse itself from proceeding over this case. The Court also denies Chang's request to vacate this Court's December 9, 2022 order dismissing his § 2255 motion, and the related judgment. Chang's remaining requests are denied as moot.

## BACKGROUND

In Criminal Case Number 18-20008, Defendant/Petitioner Chang pleaded guilty to one count of conspiracy to possess within intent to distribute controlled substances, in violation of 21 U.S.C. § 841(a)(1). This Court sentenced Chang to be imprisoned for a total term of 135 months and imposed a fine of $1,000,000.00. The Judgment also included forfeiture provisions. Chang is currently serving his prison sentence.

Chang filed a direct appeal, challenging his sentence and the fine imposed by this Court. On April 23, 2020, the United States Court of Appeals for the Sixth Circuit dismissed the appeal, based upon the appeal waiver in Chang's Rule 11 Plea Agreement. *United States v. Chang*, 2020 WL 8674183 (6th Cir. Apr. 23, 2020).

On February 28, 2022, acting *pro se*, Chang filed a motion seeking to vacate his sentence, pursuant to 28 U.S.C. § 2255 and Civil Action Number 22-10496 was opened.

Rule 11.2 of the Local Rules for the Eastern District of Michigan, which applies to both

civil and criminal cases,[1] provides:

> LR 11.2 FAILURE TO PROVIDE
> NOTIFICATION OF CHANGE OF ADDRESS
>
> Every attorney and every party not represented by an attorney must include his or her contact information consisting of his or her address, e-mail address, and telephone number on the first paper that person files in a case. *If there is a change in the contact information, that person promptly must file and serve a notice with the new contact information. The failure to file promptly current contact information may subject that person or party to appropriate sanctions, which may include dismissal, default judgment, and costs.*

L.R. 11.2 (emphasis added).

After Chang filed his § 2255 motion, this Court struck the over-sized brief that Chang filed in support of his motion but ruled that it would allow him to file a replacement brief that complies with the applicable rules regarding page limitations.[2] (*See* ECF No. 356 at 5) ("Rather than deny Chang's § 2255 Motion, this Court will allow Chang one opportunity to file a compliant brief. The Court ORDERS that, no later than August 15, 2022, Chang may file a brief in support of his § 2255 Motion that fully complies with Local Rules 5.1 and 7.1. Chang is cautioned that, if he fails to file a timely and complaint brief, this Court will deny his § 2255 Motion.")

In a filing on June 21, 2022, Chang sought an extension of time to file such a brief, while he was housed at the MDC Brooklyn, asserting that he needed more time because he was in the process of being transferred to another facility. This Court granted his request, and in an Order

---

[1] *See* Rule 1.1(c) of the Local Rules for the Eastern District of Michigan.

[2] This Court has done the same in other cases and the Sixth Circuit has ruled that such actions are appropriate. *See eg., Martinez v. United States*, 865 F.3d 842 (6th Cir. 2017); *United States v. Reynolds*, Sixth Circuit Case No. 21-1111 (6th Cir. Oct. 1, 2021).

issued on August 17, 2022, ruled that "once Chang's transfer is completed, he shall file a one-page submission advising the Court that the transfer has been completed, and provide the Court with his new address." (ECF No. 363 at 5).

On October 25, 2022 – after four months passed without Chang advising the Court that his transfer had been completed, or providing the Court with a new address – this Court issued an "Order Requiring Defendant To Provide Update As To His Location And Address." (ECF No. 373. That Order provided, in pertinent part:

> Although *several months have now passed*, Chang has not advised that Court that his transfer has been completed or provided the Court with a new address.  **The Court hereby ORDERS that, within seven (7) days of the date of this Order, Chang shall file a one-page submission advising the Court as to whether his transfer has been completed and providing the Court with his current address.  Chang is cautioned that failure to comply with this Order will result in the Court dismissing his § 2255 Motion as abandoned.
> IT IS SO ORDERED.**

(ECF No. 373 at 2) (bolding and italics in original).

Chang did not file a timely response to the Court's Order, nor did he provide the Court with an updated address.  In addition, the orders being sent to the last address provided by Chang were returned to the Court as undeliverable.  (*See* ECF No. 374).  At this point, it had been more than nine months since Chang filed his § 2255 motion.  Accordingly, in an Order issued on December 9, 2022, this Court dismissed Chang's § 2255 Motion.  (ECF No. 375).  This Court issued a Judgment on December 12, 2022.  (ECF No. 376).

On January 4, 2023 Chang filed a notice, dated December 29, 2022, providing the Court with his current address at FCI Milan.  (ECF No. 377).  In that filing, Chang asserts that he still does not have the capacity to work on his § 2255 brief, and that disruptions from being

transferred, and prisons undergoing periodic and partial lockdowns due to COVID-19, seem "long term or permanent."

On February 1, 2023, Chang also filed a *pro se* motion asking that this Court vacate prior orders, including its December 9, 2022 order dismissing his § 2255 motion and the related Judgment. (ECF No. 379). That motion also appears to ask this Court to recuse itself from presiding over this case.

On February 17, 2023, Chang filed another motion, that asks the Court to take judicial notice of facts that he asserts in connection with his § 2255 motion and asks for an evidentiary hearing on that motion. (ECF No. 380).

## ANALYSIS

### I.      Recusal Request

Chang asks this Court to recuse itself from proceeding over this case. Chang appears to believe that this Court's rulings in striking his over-size brief, and later dismissing his § 2255 motion, show "this Court's strong bias against Dr. Chang." (ECF No. 379 at PageID.2727).

Judicial disqualification is required under 28 U.S.C. § 455(a) "in any proceeding in which [the Court's] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). In addition, § 455(b)(1) requires disqualification where a judge "has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1). The Sixth Circuit has "held that '[i]n order to justify recusal under 28 U.S.C. § 455, the judge's prejudice or bias must be personal or extrajudicial.' " *EBI–Detroit, Inc. v. City of Detroit*, 279 F. App'x 340, 354 (6th Cir. 2008) (quoting *United States v. Jamieson*, 427 F.3d 394, 405 (6th Cir. 2005)). "Personal bias" is "prejudice that emanates from some source other than participation in the proceedings or prior contact with

related cases." *Jamieson,* 427 F.3d at 405.

Here, Chang's allegations of bias toward him are not based upon any facts setting forth a personal or extrajudicial source of bias. Rather, his allegations of bias are based upon this Court's rulings during the course of this case. Thus, they are insufficient to warrant recusal.

The undersigned is also mindful that the Sixth Circuit has cautioned that "[t]here is as much an obligation upon a judge not to recuse himself when there is no occasion as there is for him to do so when there is." *Easley v. Univ. of Michigan Bd. of Regents*, 853 F.3d 1351, 1356 (6th Cir. 1988); *Garrett v. Ohio State Univ.*, 60 F.4th 359 (6th Cir. 2023) (same). The Court denies Chang's recusal request for lack of merit.

## II.     Request To Vacate December 9, 2022 Order And Related Judgment

Chang also asks this Court to vacate its December 9, 2022 order dismissing his § 2255 motion and the related Judgment. The Court declines to do so. The Local Rules for the United States District Court for the Eastern District of Michigan provide that the "text of a brief supporting a motion" "may not exceed 25 pages," double-spaced, with 14 point font. Local R. 5.1(a) and 7.1(d).

Without seeking or obtaining leave to do so, Chang filed a brief of more than 40 pages, singled-spaced, with 12-point font. That is equivalent to more than 80 pages of a double-spaced brief with 14 point font.

The Sixth Circuit has held that local rules regarding page limitations apply to § 2255 motions. *See Martinez v. United States*, 865 F.3d 842 (2017). Thus, Chang's brief violates the applicable local rules.

As such, and acting within the spirit of the Sixth Circuit's decision in *Martinez*, this

Court did not deny Chang's § 2255 Motion outright. Rather, this Court gave Chang the opportunity to timely file a compliant brief and expressly cautioned him that failure to do so would result in the denial of his motion. (*See* ECF No. 356 at 5) ("Rather than deny Chang's § 2255 Motion, this Court will allow Chang one opportunity to file a compliant brief. The Court ORDERS that, no later than August 15, 2022, Chang may file a brief in support of his § 2255 Motion that fully complies with Local Rules 5.1 and 7.1. Chang is cautioned that, if he fails to file a timely and complaint brief, this Court will deny his § 2255 Motion.")

On June 21, 2022, Chang sought an extension of time to file such a brief, asserting that he needed more time because he was in the process of being transferred to another facility. This Court granted his request, and in an Order issued on August 17, 2022, ruled that "once Chang's transfer is completed, he shall file a one-page submission advising the Court that the transfer has been completed, and provide the Court with his new address." (ECF No. 363 at 5).

On October 25, 2022 – *after four months passed* without Chang advising the Court that his transfer had been completed, or providing the Court with a new address – this Court issued an "Order Requiring Defendant To Provide Update As To His Location And Address." (ECF No. 373. That Order provided, in pertinent part:

> Although *several months have now passed*, Chang has not advised that Court that his transfer has been completed or provided the Court with a new address. **The Court hereby ORDERS that, within seven (7) days of the date of this Order, Chang shall file a one-page submission advising the Court as to whether his transfer has been completed and providing the Court with his current address. Chang is cautioned that failure to comply with this Order will result in the Court dismissing his § 2255 Motion as abandoned.**
> **IT IS SO ORDERED.**

(ECF No. 373 at 2) (bolding and italics in original). Thus, this Court again expressly cautioned

Chang that failure to comply with the Court's orders would result in his motion being dismissed.

Chang failed to file a timely response to the Court's Order. Chang also failed to update the Court of his new address – an action that independently subjects his motion to dismissal under Local Rule 11.2. Thus, the Court's orders that were sent to the last address provided by Chang were returned to the Court as undeliverable. (*See* ECF No. 374). At this point, it had been *more than nine months* since Chang filed his § 2255 motion. Accordingly, in an Order issued on December 9, 2022, this Court finally dismissed Chang's § 2255 Motion. This Court did not err in doing so. *See, eg., Martinez*, 865 F.3d at 843-44 (Affirming district court's dismissal with prejudice of § 2255); *United States v. Reynolds*, Sixth Circuit Case No. 21-1111 (6th Cir. Oct. 1, 2021).

The Court denies Chang's request for that the Court vacate its December 9, 2022 Order or the related judgment. As such, Chang's request regarding judicial notice and his request for an evidentiary hearing on his § 2255 motion are moot.

## CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that Chang's request that this Court recuse itself from proceeding over this case is DENIED.

IT IS FURTHER ORDERED that Chang's request to vacate this Court's December 9, 2022 order dismissing his § 2255 motion, and the related judgment, is DENIED. As such, Chang's request regarding judicial notice and his request for an evidentiary hearing are DENIED AS MOOT.

IT IS SO ORDERED.

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: March 14, 2023