UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.

ZONGLI CHANG,

    Defendant/Petitioner.
_____/

Criminal Case No. 18-20008
Related Civil Case No. 22-10496

Sean F. Cox
United States District Court Judge

**ORDER
DENYING DEFENDANT CHANG'S
MOTION FOR RECONSIDERATION (ECF NO. 381)**

In Criminal Case Number 18-20008, Defendant/Petitioner Zongli Chang, M.D., ("Chang") pleaded guilty to one count of conspiracy to possess within intent to distribute controlled substances, in violation of 21 U.S.C. § 841(a)(1). This Court sentenced Chang to a term of 135 months of imprisonment and Chang is currently serving his prison sentence.

On February 28, 2022, Chang filed a *pro se* motion seeking to vacate his sentence, pursuant to 28 U.S.C. § 2255. This Court struck the over-sized brief that Chang filed in support of his motion but gave him the opportunity to file a compliant brief. Chang then asserted that he needed an extension of time to do so, because he was in the process of being transferred to another facility. This Court granted his request, and in an Order issued on August 17, 2022, ruled that "once Chang's transfer is completed, he shall file a one-page submission advising the Court that the transfer has been completed, and provide the Court with his new address." When more than four months passed without Chang doing so, or notifying the Court of any address

1

change, this Court issued an Order on October 25, 2022. That order required Chang to update the Court on the status of his transfer and provide the Court with his current address – and expressly cautioned that failure to do would result in his § 2255 motion being dismissed. Chang did not comply with that order and, after the Court received mail sent to Chang returned as undeliverable, dismissed his § 2255 motion on December 9, 2022.

Thereafter, Chang filed two motions, that were addressed by this Court in an Opinion issued on March 14, 2023. (*See* ECF No. 382). As explained in that Opinion and Order, this Court denied, for lack of merit, Chang's request that this Court recuse itself from proceeding over this case. This Court also denied Chang's request to vacate this Court's December 9, 2022 order dismissing his § 2255 motion, and the related judgment. It further denied Chang's remaining requests relating to his § 2255 Motion as moot.

On that same date, March 14, 2023, Chang filed an additional motion wherein he again asks this Court to recuse itself, asks the Court to vacate its order dismissing his § 2255 Motion, and makes additional requests regarding that motion. The Court construes this motion as a motion for reconsideration.

Local Rule 7.1(h) of the Local Rules for the Eastern District of Michigan governs motions for rehearing or reconsideration. As explained in *Fisher v. United States*, 589 F.Supp.3d 726 (E.D. Mich. 2022, Luddington, J.):

> A motion for reconsideration that merely reasserts the same facts and legal arguments previously asserted is not proper unless there was some defect in the first hearing by which the court and the parties have been misled. *Pakideh v. Ahadi*, 99 F.Supp.2d 805, 809 (E.D. Mich. 2000); *accord ComForCare Franchise Sys., LLC v. ComForCare Hillsboro McMinnville Corp.*, No. 2:19-CV-12037, 2019 WL 7584403, at *1 (E.D. Mich. Nov. 20, 2019); *Hudson v. City of Highland Park*, No. 2:16-CV-12369, 2017 WL 11535059, at *1 (E.D. Mich. Oct. 27, 2017); *Yahya v. Yemenia-Yemen Airways*, No. 2:08-CV-14789, 2009 WL 3873658, at *1

(E.D. Mich. Nov. 18, 2009); *Pitts v. Zych*, No. 2:09-CV-12329, 2009 WL 2488108, at *1 (E.D. Mich. Aug. 11, 2009); *Smith v. Cook*, No. 2:08-CV-10543, 2008 WL 1902022, at *1 (E.D. Mich. Apr. 28, 2008); *Smith v. Daughtrey*, No. 2:08-CV-10541, 2008 WL 1901321, at *1 (E.D. Mich. Apr. 25, 2008); *Dell v. Straub*, No. 2:00-CV-71853, 2002 WL 1303089, at *2 (E.D. Mich. June 6, 2002); *see United States v. Lewis*, 166 F. App'x 803, 806 (6th Cir. 2006) (holding that a district court's denial of a motion for reconsideration "is not subject to review" if it "merely restated the reasons" for its prior denial of the same arguments); *see also United States v. Hemingway*, 930 F. Supp. 2d 11, 12 (D.D.C. 2013).

*Fisher v. United States*, 589 F.Supp.3d at 728.

Here, Defendant Chang fails to make the required showing. Rather, Chang reiterates his prior arguments, that this Court has already considered and rejected. The motion simply reflects Defendant Chang's disagreement with the Court's decisions.

Accordingly, **IT IS ORDERED** that Defendant Chang's Motion for Reconsideration is **DENIED WITH PREJUDICE.**

   **IT IS SO ORDERED.**

                              s/Sean F. Cox
                              Sean F. Cox
                              United States District Judge

Dated: March 21, 2023